IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS KING | § | |
| (BOP Register No. 42976-177), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-811-B-BN |
| | § | |
| WARDEN EDDIE MEJIA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Proceeding *pro se*, Petitioner Nicholas King, a federal prisoner, incarcerated at FCI Seagoville, in the Dallas Division of the Northern District of Texas, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2241, requesting a 14-month reduction in his federal sentence based on the length of time he was detained pretrial prior to his conviction (the "sentencing credit"). *See* Dkt. No. 3.

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The government filed a response in opposition to the petition, *see* Dkt. No. 7, but King failed to file a reply brief, and the time to do so has expired, *see* Dkt. No. 4.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss King's petition, because King is not entitled to the sentencing credit he seeks.

## Applicable Background

King is incarcerated in the Federal Bureau of Prisons (the "BOP") pursuant to a conviction for conspiracy to distribute child pornography in the Indianapolis Division of the Southern District of Indiana, for which he received a 96-month sentence. After his arrest on May 3, 2011, he was released under pretrial-services supervision on May 24, 2011 and ordered to reside at the VOA Residential Reentry Center (the "RRC") on lock-down status. When King was sentenced in July 2012, the sentencing court recommended that he receive credit for his time in RRC custody. And, in computing King's sentence, the BOP credited him with 22 days of prior custody, from the date of his arrest to the date he was released to the RRC. Before filing this action, King properly exhausted his administrative remedies.

## Legal Standards and Analysis

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *cf. Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) ("Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government." (footnote omitted)); *Montgomery v. United States*, EP-15-cv-373-PRM, 2016 WL 592846,

at *5 (W.D. Tex. Feb. 11, 2016) ("a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief" (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998), and affirming such a summary dismissal)).

The government, relying on 18 U.S.C. § 3585(b), contends that King is not entitled to a credit for the time he spent in RRC custody because "the circumstances in which a federal inmate may receive credit for time spent in custody before the date the federal sentence commences ... do not exist here." Dkt. No. 7. The undersigned agrees.

Section 3585, "entitled 'Calculation of a Term of Imprisonment,' determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Valdez v. Holder*, No. 4:12-cv-635-Y, 2012 WL 6929132, at *2 (N.D. Tex. Dec. 31, 2012), *rec. adopted*, 2013 WL 271727 (N.D. Tex. Jan. 23, 2013), *appeal dismissed*, No. 13-10109 (5th Cir. May 23, 2013). That section in full provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence

>was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.

Here, because King was released pretrial to RRC custody, "he was not committed to the custody of the Attorney General or subject to the BOP's control," and thus, "he was not in 'official detention' for purposes of" Section 3582(b). *Siebert v. Chandler*, 571 F. App'x 328, 329 (5th Cir. 2014) (per curiam) (citing *Reno v. Koray*, 515 U.S. 50, 57-58 (1995)). In *Siebert*, the United States Court of Appeals for the Fifth Circuit held that a federal inmate's pretrial "release on bail, subject to home confinement" did not equate to "official detention" under the statute, entitling Siebert "to credit against his sentence for the time spent in home confinement." *Id.* So too does King's pretrial release to RRC custody not entitle him to a similar sentencing credit. *See, e.g., Miller v. Hastings*, 87 F. App'x 585, 587 (7th Cir. 2004) (per curiam) ("[O]nly defendants 'detained' under the Bail Reform Act are in 'official detention,' and those who are 'released' are not, even if the release is limited by restrictive conditions such as living in a VOA treatment center." (citing *Reno*, 515 U.S. at 62)).

**Recommendation**

The Court should deny the Section 2241 petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 14, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE